PASSAIC COUNTY COURT OF COMMON PLEAS.

JOSEPH GIRESI, PETITIONER-APPELLANT, v. OKONITE COMPANY, RESPONDENT-APPELLEE.

Decided November 20, 1946.

For the petitioner-appellant, *E. Gustave Greenwald.*

For the respondent-appellee, *Wilbur A. Stevens (Herbert A. McElroy,* on the brief).

DELANEY, C. P. J.  This is another of the multiplying cases of inguinal hernia resulting from accidental injury.

The matter was heard in 'the Workmen's Compensation Bureau on March 5th, 1946, where, on motion of counsel for respondent-appellee (hereinafter called respondent), made immediately after petitioner-appellant (hereinafter called petitioner) had put in his proofs, the claim for compensation was denied and the petition dismissed.  The application to dismiss was made on the grounds that petitioner had not had the attendance of a licensed physician within twenty-four hours after the occurrence of the hernia, and that he had failed to establish a descent of the hernia immediately following the cause.  The last named ground was untenable, but

the first, in view of the pronouncement of the Supreme Court in *Black* v. *DeVries*, 133 *N. J. L.* 368; 44 *Atl. Rep.* (*2d*) 386 (since followed by the same court in *Harrison* v. *Curtiss-Wright Corporation*, 49 *Atl. Rep.* (*2d*) 496), unanswerable.

On the face of the record before us, this is a genuine and meritorious instance of inguinal hernia resulting from an industrial accident. The evidence met and complied with four of the five tests prescribed by *R. S.* 34:15–12, *subdiv. x; N. J. S. A.* 34:15–12, *subdiv. x*, in such manner as to dispel all question of deception or imposture; and respondent's own physician, whose "attendance" on the petitioner came three hours after the expiration of the statutory limit, found and reported him to be suffering from a hernia.

Meanwhile petitioner had "required" (but only in the derivative and primary sense of the verb, that is "to seek," "to ask for") the attendance of a physician. The mishap occurred at about seven o'clock in the morning of July 11th, 1944. From his home he telephoned to respondent's mill at about half past four in the afternoon of the same day, when he was informed that the doctor would not be at the plant until the next morning. Between eleven o'clock and midnight of the same day (that is, July 11th), he went back to the mill, and told his foreman of his distress and of his inability to work and that he might as well return home. Upon the foreman's suggestion that the doctor might still come in, petitioner stayed throughout the night, lying for the most part upon a couch, and going down at about six o'clock in the morning to the first-aid room, where he remained until examined by respondent's physician at ten o'clock.

The cases in the Supreme Court, cited herein, are, of course controlling; and we are obliged to affirm the judgment of the Bureau and to find this apparently authentic case of traumatic hernia to be non-compensable.